1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

CHARLES LEWIS BOBO,                                    )   Case No.: 1:16-cv-00292 LJO JLT
                                                       )
12                     Plaintiff,                       )   FINDINGS AND RECOMMENDATIONS TO
                                                       )   DENY THE REQUEST TO PROCEED IN FORMA
13             v.                                      )   PAUPERIS AND DISMISS THE COMPLAINT
                                                       )
14   BAKERSFIELD RESCUE MISSION,                       )   (Docs. 1, 2)
                                                       )
15                     Defendant.                       )
                                                       )
16   _____ )

17          Charles Bobo complains that while staying and the Bakersfield Rescue Mission, he was

18   subjected to the Mission's policies, that there was not air condition for a period of time, that he caught a

19   cold while staying there and because the Mission staff complained that he ate too much food. Because

20   Plaintiff does not present any federal claims in this action, the Court recommends the motion to

21   proceed *in forma pauperis* be **DENIED** and the matter be **DISMISSED** without prejudice for lack of

22   subject matter jurisdiction.

23   **I.      Motion to Proceed In Forma Pauperis**

24          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

25   District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

26   commencement of an action "without prepayment of fees and costs of security therefor, by a person

27   who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28

28   U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

1  leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d

2  1178, 1177 (9th Cir. 1999).

3        If a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint,

4  and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or

5  the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or

6  … seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).

7  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

8  whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*,

9  504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims

10  may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or

11  delusional scenarios").

12        Here, the Court recommends Plaintiff's application to proceed in forma pauperis be **DENIED**

13  because, as discussed below, the allegations of the complaint fail to allege a claim upon which relief

14  may be granted by this Court.

15  **II.**    **Background**

16        At some time in the past, Plaintiff stayed at the Bakersfield Rescue Mission. (Doc. 1 at 1)

17  While there, Mission policies prohibited residents from drinking alcohol or doing drugs.  Id. If tests

18  determined a resident was under the influence of alcohol or drugs, he would be excluded from the

19  Mission for five days.  Id.

20        At some point, the air conditioner at the mission did not work.  (Doc. 1 at 1)  Later, it started

21  working when it was too cold for it.  Id.  Despite this, residents were required to bathe or they would

22  not be permitted to stay.  Id.  Plaintiff claims that, as a result of showering, he caught a cold.  Id.

23  Finally, Plaintiff complains that while at the mission, he was informed by Mission staff that he ate too

24  much and to stop doing this and he did.  Id.

25  **II.**    **Jurisdiction**

26        The district court is a court of limited jurisdiction, and is empowered only to hear disputes

27  "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

28  377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts

are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

### III.   Discussion and Analysis

Though Plaintiff complains about conditions at the Bakersfield Rescue Mission and, apparently, dislikes the policies implemented there—daily bathing, abstinence from drugs and alcohol, eating too much, etc.—this is insufficient to demonstrate that this Court has authority to act.  Indeed, Plaintiff fails to identify any claims that would invoke this Court's jurisdiction.

To state a claim for a violation of civil rights, Plaintiff must identify an action that violates the Constitution of the United States or another federal law, and taken by a person acting under color of state law.  Here, the Bakersfield Rescue Mission and its employees do not act under color of authority.  Rather, in general, individuals—such as those working at homeless shelters or rescue missions—are private parties and do not act under color of authority with actions attributable to the government.  See *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991).  Thus, the Court lacks jurisdiction over this matter.

### IV.   Findings and Recommendations

Because the Court lacks jurisdiction over the matter, the Court **RECOMMENDS**:

1.      The motion to proceed in forma pauperis (Doc. 2) be **DENIED**;

2.      The action be **DISMISSED** without prejudice for lack of subject matter jurisdiction; and

4.      The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 14 days after being served** with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**March 7, 2016**__                    _____/s/ Jennifer L. Thurston_
                                        UNITED STATES MAGISTRATE JUDGE